**WHITE FLEISCHNER & FINO, LLP**

61 BROADWAY, NEW YORK, NY 10006
T 212.487.9700   F 212.487.9777   WWW.WFF-LAW.COM

May 17, 2010

**VIA ECF**

Chief Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Chambers 1217, Courtroom 13-D
Brooklyn, New York 11201

Re:   *Queensboro Farm Products, Inc. v. U.S. Fire Insurance Company*
      Docket No.: 09-4867 (SMG)
      DOL: April 18, 2008
      Our File No.: 329-13503-CP-BAF/JSC
      Handling Attorneys: Benjamin A. Fleischner and Jonathan S. Chernow

**For Mediation Purposes Only, Does Not Constitute Party Admission or Statement**

Dear Judge Gold:

We are counsel to the Defendant in the above-captioned matter. A mediation conference is scheduled before your Honor for May 18, 2010 at 2:00 PM. In connection with the conference, Plaintiff has submitted documents to us claiming that it has sustained damages in connection with the above-captioned loss in the amount of $506,365.49. In response, Defendant is willing to settle this matter for the nuisance sum of $50,000, for the following reasons.

First, Plaintiff did not sustain a covered loss here.

The USFIC policy excludes coverage for loss caused by or resulted from wear and tear, rust, corrosion, deterioration, settling, cracking. On or about April 18, 2008, a second floor portion of Plaintiff's building at 2-4 Rasbach Street in Canastota, New York dropped as a result of buckling of a steel support column. Defendant's expert James D'Aloisio concluded that "[t]he loss occurred due to extensive deterioration due to rusting of the bottom of the steel column that supported the southeast corner of the dropped floor. The failure mechanism was local buckling of the deteriorated and disconnected steel column elements." D'Aloisio observed other columns in the area with significant rust and corrosion, and it was his recommendation that a qualified structural engineer design the repair and address other elements in the building that exhibit deterioration. Accordingly, the USFIC exclusion applies to the rusting beam and resulting drop of the floor. The USFIC policy also excludes coverage for the inadequate or defective maintenance of the steel in the column, which resulted in the damage.

A NEW YORK LIMITED LIABILITY PARTNERSHIP

HOLMDEL, NEW JERSEY   •   WHITE PLAINS, NEW YORK   •   GARDEN CITY, NEW YORK
PHILADELPHIA, PENNSYLVANIA   •   BOCA RATON, FLORIDA
LONDON, ENGLAND

Chief Magistrate Judge Steven M. Gold/United States District Court
Eastern District of New York
Re: *Queensboro Farm Products, Inc. v. U.S. Fire Insurance Company*
May 17, 2010
Page 2 of 3

Second, elements of Plaintiff's alleged damages appear to be either exaggerated, lack a causal connection to the loss or have not actually been incurred.

For example, Plaintiff seeks $129,470.00 for "#1 Unit Extra Man at 55 hours per week X $22 per hour X 96 weeks 4/18/08 – 5/08/10." In response to our questions, Plaintiff's counsel states that "the extra man" is actually "a composite of people who together worked 55 extra hours per week because of the collapse, which was necessary for safety after access to the plant equipment was divided in two and it became necessary to have one employee for each side of the affected area."

Further, there is an estimate of $75,000 in further work to be done but only one unsigned proposal is included from C.A. Reid Associates dated 2/18/2010 for $42,951.00 in epoxy topping for the floor; given its timing its relationship to the loss is highly questionable and if anything is consistent with post-loss improvements and betterments. In response to our questions, Plaintiff's counsel states "Queensboro expects to approve the C.A. Reid proposal. Additional work making up and probably exceeding the balance of the estimated future payments will include work on the drains, tile and exhausts, as well as door and exit work, plus the continuing labor costs until the work is complete."

Third, one element of Plaintiff's alleged damages is not covered under the policy per se.

Plaintiff alleged a business income loss of $27,514.23. However, this loss is subject to a deductible of two times the average daily value (business income) as respects this location per Endorsement C of the USFIC policy. The Statement of Values in the policy lists the business income for the location to be $14,000,000. $14,000,000 divided by 365 days equals $38,356.16, multiplied by two equals a $76,712.33 deductible. This eliminates the business income loss from coverage.

Finally, the policy's $25,000 deductible would apply to the balance of Plaintiff's claim, which is also highly questionable. $238,926.38 of the claim was presented as "expenses incurred to temporarily restore operations." However, a significant number of these expenses were incurred months, if not years, after the loss. For example, "Mark DeLong" invoiced $70,335.00, of which only $31,235 was incurred in 2008, while "James Narewood" invoiced $78,568.13, of which only $29,430.06 was incurred in 2008.

Respectfully yours,

WHITE FLEISCHNER & FINO, LLP

Jonathan S. Chernow (JSC-7339)
jchernow@wff-law.com
JSC/jsc

Chief Magistrate Judge Steven M. Gold/United States District Court
Eastern District of New York
Re: *Queensboro Farm Products, Inc. v. U.S. Fire Insurance Company*
May 17, 2010
Page 3 of 3

cc: **VIA ELECTRONIC AND REGULAR MAIL**

rwm@cll.com

Ronald W. Meister, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799